# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION
### STATE OF GEORGIA

| | | |
|---|---|---|
| ADESOLA OMONIRA, INDIVIDUALLY AND AS FATHER OF AAMANI OMONIRA, ADESOLA OMONIRA JR. AND ALAYO OMONIRA, AND AAMANI OMONIRA, A MINOR, BY AND THROUGH HIS FATHER AND NATURAL GUARDIAN AS NEXT FRIEND, ADESOLA OMONIRA, JR., A MINOR, BY AND THROUGH HIS FATHER AND NATURAL GUARDIAN AS NEXT FRIEND, AND ALAYO OMONIRA, A MINOR, BY AND THROUGH HIS FATHER AND NATURAL GUARDIAN AS NEXT FRIEND, ADETAYO OMONIRA, AND BRITNEY OMONIRA,  | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO. 1:25-cv-01153-TRJ |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| CHARLES CAUSEY, | )<br>) | |
| Defendant. | )<br>) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2 NDGa, Plaintiffs Adesola Omonira, et al. and Defendant Charles Causey ("Defendant") submit their Joint Preliminary Report and Discovery Plan. This is a motor vehicle tort claim which proceeded to litigation based on a dispute of damages. The parties chose to file this Joint Preliminary Report with signatures between Plaintiff and Defendant to aid in the speedy resolution of this matter and to provide the Court information about the claim. As such, Plaintiff and Defendant show the Court as follows:

1. DESCRIPTION OF CASE:

(a) Describe briefly the nature of this action.

This is an automobile accident case in which Plaintiff alleges that Defendant was negligent while driving and crashed into the passenger side of the Plaintiff's vehicle, causing the Plaintiffs to sustain injuries, damages, and losses.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

(1)    The Plaintiffs' Factual Contentions:

On May 05, 2024, Plaintiff Adesola Omonira, driving a Mercedes Benz, was driving eastbound on Chambers Drive. At the same time and place, Defendant was driving his Nissan Maxima and was stopped facing east on Chambers Drive. Defendant got tired of waiting for the traffic congestion ahead of him, and he decided to exit the lane of cars and get into the next lane where Plaintiff was driving, causing

a collision. Plaintiff has also included a state law claim under O.C.G.A. § 13-6-11 for attorneys fees for Defendant's failure to negotiate.

### *(2)    Defendant's Factual Contentions:*

On May 5, 2024, Defendant was involved in a traffic accident near a Raising Canes restaurant on Chambers Drive in Cherokee County, Georgia. The incident happened around lunchtime while Defendant was on Chambers Drive waiting in line to travel to a nearby "Raising Caines" restaurant. After realizing that the line of traffic was due to crowding of the drive thru, Defendant attempted to park on a patch of grass located on the left side of Chambers Drive where several other vehicles had parked. Chambers Drive is a two (2) lane road, with one (1) lane of travel going in each direction. Prior to attempting to park in the grass, Defendant verified there was no oncoming traffic and then attempted to move to the grass. As Defendant moved towards the grass, he heard a car horn coming from behind him and then felt an impact to the driver-side of his vehicle. Realizing his vehicle had been struck, Defendant observed Plaintiffs' vehicle had been illegally travelling westbound (in the eastbound lane of travel) on Chambers Drive.

**(c)  The legal issues to be tried are as follows:**

**By Plaintiff:** Proximate Cause and Damages

**By Defendant:** Negligence, proximate cause, and damages

**(d)  The cases listed below (include both style and action number) are:**

3

*Pending Related Cases:  None*

*Previously Adjudicated Related Cases:  None*

**2. THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

|  |  |  |
|---|---|---|
|  | (1) | Unusually large number of parties. |
|  | (2) | Unusually large number of claims or defenses. |
|  | (3) | Factual issues are exceptionally complex. |
|  | (4) | Greater than normal volume of evidence. |
| X | (5) | Extended discovery period is needed |
|  | (6) | Problems locating or preserving evidence. |
|  | (7) | Pending parallel investigations or action by government. |
| X | (8) | Multiple use of experts. |
|  | (9) | Need for discovery outside United Stated boundaries. |
|  | (10) | Existence of highly technical issues and proof. |
|  | (11) | Unusually complex discovery of electronically stored information. |

As there are multiple Plaintiffs, Counsel will need to schedule depositions of Plaintiffs' medical providers to provide medical expert testimony and all counsel

may need to develop expert medical testimony relating to the claimed injuries and damages in this case.

### 3. COUNSEL:

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs:**

Ashley L. Thomas
Andrew "Casey" Geiger
Christopher P. Brown
GEIGER LEGAL GROUP, LLC

157 Reinhardt College Pkwy.
Suite 400
Canton, GA 30114
(770) 720-4600
Athomas@geiger-legal.com
acgeiger@geiger-legal.com
cbrown@geiger-legal.com

**Defendant Causey:**

Matt Hurst
Riley Spitzig
Waldon Adelman Castilla
900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
770-933-7030
mhurst@WaldonAdelman.com
RSpitzig@WaldonAdelman.com

### 4. JURISDICTION:

Is there any question regarding this court's jurisdiction?

___ Yes    __X__ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **PARTIES TO THIS ACTION:**

(a)  The following persons are necessary parties who have not been joined:

None known.

(b)  The following persons are improperly joined as parties:

None known.

 (c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)  The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.    FILING TIMES FOR MOTIONS:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A (2).

(a) Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  Other Limited Motions:  Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. INITIAL DISCLOSURES

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The Parties do not object to serving Initial Disclosures on April 24, 2025.**

## 9. REQUEST FOR SCHEDULING CONFERENCE

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

## 10. DISCOVERY PERIOD

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period,

and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Eight months discovery period.**

Please state below the subjects on which discovery may be needed:

**N**egligence, causation, damages, and attorneys fees.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

As stated above, the parties will require discovery from medical providers who rendered treatment on Plaintiffs. Counsel also need to develop expert medical testimony relating to the claimed injuries and damages in this case.

**11.    DISCOVERY LIMITATIONS:**

(a)    What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b)    Is any party seeking discovery of electronically stored information?

**No.**

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense.  Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format.  If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files.  Metadata shall be produced if requested or the Parties may discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach agreement.   If advanced search methodologies become necessary, the parties agree to confer in attempt to reach

agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

### 12.    OTHER ORDERS:

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

**None.**

### 13.    SETTLEMENT POTENTIAL:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on **April 10, 2025** and that they participated in

settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: *Ashley Thomas*

For Defendant: *Riley Spitzig and Matt Hurst*

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__)    A possibility of settlement before discovery.

( X )    A possibility of settlement after discovery.

(__)    A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c)    Counsel (___ X ___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet scheduled.

(d)    The following specific problems have created a hindrance to settlement of this case:

**Dispute in damages.**

**14.    TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2025.

(b)     The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 10th day of April, 2025.


**GEIGER LEGAL GROUP, LLC**

*/s/ Ashley L. Thomas*
Ashley L. Thomas
Georgia Bar No. 271895
157 Reinhardt College Parkway
Suite 400
Canton, GA 30114
(770) 720-4600
athomas@geiger-legal.com
**Counsel for Plaintiff**

**WALDON ADELMAN CASTILLA HIESTAND & PROUT, LLP**

*s/Riley Spitzig*
Riley Spitzig
Georgia Bar No. 440435
(*Filed with express permission*)
900 Circle 75 Parkway
Suite 1040
Atlanta, GA 30339
770-933-7030
rspitzig@wachp.com
**Counsel for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ADESOLA OMONIRA, INDIVIDUALLY AND AS FATHER OF AAMANI OMONIRA, ADESOLA OMONIRA JR. AND ALAYO OMONIRA, AND AAMANI OMONIRA, A MINOR, BY AND THROUGH HIS FATHER AND NATURAL GUARDIAN AS NEXT FRIEND, ADESOLA OMONIRA, JR., A MINOR, BY AND THROUGH HIS FATHER AND NATURAL GUARDIAN AS NEXT FRIEND, AND ALAYO OMONIRA, A MINOR, BY AND THROUGH HIS FATHER AND NATURAL AS NEXT FRIEND, ADETAYO OMONIRA, AND BRITNEY OMONIRA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:25-cv-01153-TRJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CHARLES CAUSEY, | ) ) | |
| Defendant. | ) | |

14

### [PROPOSED] SCHEDULING ORDER

Upon review of the parties' Joint Preliminary Report and Discovery Plan, it is hereby ORDERED that the discovery plan contained therein is approved and adopted; and that discovery shall commence on May 2, 2025 and end on January 2, 2026 and it is FURTHER ORDERED that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules.

IT IS SO ORDERED, this _____ day of _____2025.

_____

Judge, United States District Court